CHIASSON, Judge.
Plaintiffs, Frank Martin and Charles Hall, filed this civil action against defendants, A.R. Blossman, Jr. and Ernest K. Hall, alleging breach of warranty under an agreement to purchase the capital stock of Successful Distributors, Inc., a Louisiana corporation which owned two discount stores. In the agreement, defendants (sellers) warranted to plaintiffs (buyers) that the total liabilities of the corporation would not exceed the amount shown on the balance sheet of the corporation by more than $6,000, plus certain income tax liability and after adjustment of accounts payable for merchandise received between October 1 and 4, 1972.
The balance sheet, dated September 30, 1972, listed total liabilities as accounts payable ($143,165.76), notes payable ($167,-500.00), and accrued expenses ($5,154.03), for a total of $315,819.79. Plaintiffs alleged that the accounts payable and certain accrued expenses were understated and sued to recover the difference.
The trial court appointed Mr. John J. Coerver, C.P.A., as an expert accountant to examine exhibits filed in evidence from the records of the corporation. Mr. Coerver was asked to state his opinion as to the amount of the corporation’s accounts payable as of September 30, 1972.
The contract provided that only the debt for merchandise physically received as of September 30, 1972, should be included in accounts payable. However, Mr. Coerver lacked complete documentation, in some instances, to determine the date on which certain merchandise was received by the corporation.
Mr. Coerver submitted to the trial court a detailed listing obtained from the corporate records submitted to him and divided them into three categories: (1) accounts payable; (2) not accounts payable; and (3) questionable. Only those items listed in the accounts payable category were used to determine his final figure of $167,295.07 as actual accounts payable as of September 30, 1972.
*1159 Mr. Coerver explained in his written report, which was introduced in evidence, and reiterated in his testimony at trial the methods employed in reaching his conclusions. We quote from his written report:
“10. Items classified as accounts payable were classified as such if it was determined by the receiving report or dray ticket that the item was delivered prior to September 30, 1972. On invoices and expenditures with no receiving report or dray ticket, the date of shipment was used along with the shipping point to determine if the merchandise would have been received prior to September 30, 1972. If no receiving report or dray ticket was found and no date of shipment appeared on the invoice, the invoice date was used along with the point of origin to determine whether the merchandise would have been received prior to September 30, 1972.
“11. Amounts paid for other than merchandise was determined, as to accounts payable or not accounts payable, as to the dates of services performed. Payroll taxes and sales taxes were determined accounts payable or not accounts payable as to the period for which the liability accrued. Utility bills covering the period from September to October of 1972 were prorated on a daily basis to determine whether accounts payable or not accounts payable. Property taxes for the year 1972 were prorated 9/i2 to accounts payable and 3/i2 to not accounts payable.
“12. Checks without invoices were determined in the following manner. The company had a practice based on the other invoices and checks examined, to record on the checks the invoice number paid along with the date of the invoice. Approximately five checks totaling $2,432.70 are listed as accounts payable because the invoice date noted on the check was an indication that the merchandise would have been received prior to September 30, 1972; however, no invoices were available to substantiate. Eighteen checks amounting to $9,058.52 are listed as accounts payable because most of the checks were made out on October 10,1972, payable to suppliers which is an indication, because of the type of business operation, that they would have been accounts payable as of September 30, 1972.”
At trial on the merits, three expert accountants testified in addition to Mr. Coer-ver. One accountant, called by plaintiffs as a witness, testified that it was proper, under some circumstances, to list the bill for an item of merchandise as an account payable without specific documentation of its date of delivery. When asked under what circumstances this practice would be acceptable, the witness referred to the explanations given in Mr. Coerver’s report. This witness had reviewed the complete records of the corporation.
The other two accountants, called by defendants as witnesses, opined that the methods used by Mr. Coerver to determine the amount of accounts payable were unacceptable. These witnesses had not reviewed the complete records of the corporation.
The trial court found that plaintiffs had carried their burden of proving an understatement of accounts payable. As the amount understated, the trial court accepted the findings of Mr. Coerver, with the exception of two entries. Judgment was rendered in favor of plaintiffs for $12,-598.68 with legal interest. Defendants appealed. Plaintiffs initially answered the appeal, seeking an increase of the award, but have subsequently abandoned that request.
First, defendants contend that plaintiffs failed to prove their claim by acceptable legal evidence. Specifically, they argue that Mr. Coerver included items in accounts payable without sufficient proof that the *1160 related merchandise was actually received by the corporation as of September 30,1972.
“The best evidence rule requires a plaintiff to establish his demand with the best proof the nature of the thing would permit.” Al Smith’s Plumbing & Heating Service, Inc. v. River Crest, Inc., 365 So.2d 1122 (La.App. 4th Cir. 1978). The best proof to establish the date on which merchandise is received would be the delivery or dray tickets. However, the uncontro-verted testimony in this case establishes that some shippers do not furnish delivery or dray tickets. Because the best evidence is unavailable in this instance, customary business and accounting practices had to be used to determine the date of receipt of some of the merchandise. The court-appointed expert used these practices and the dray tickets available to determine that the accounts payable totaled $167,259.07, a difference of $18,939.28 over the amount ($148,139.79) shown on the balance sheet. A fact may be established by circumstantial as well as by direct and positive proof. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964).
The trial court found as a fact that the accounts payable had been understated by an amount in excess of $6,000.00. We hold this finding to be supported by the uncon-troverted evidence adduced at the trial of this matter.
Defendants next argue that adjustments should be made to accounts payable for inventory arriving after September 30, 1972.
The simple answer to this argument is that the accountant only considered the merchandise received prior to September 30,1972, in arriving at the accounts payable as of that date. No adjustment for merchandise received between the first and fourth of October, 1972, is therefore necessary.
Finally, defendants argue that certain documentary evidence should not have been admitted because it was not included in the Order for Production of Documents and because they had no opportunity to review it before trial.
The trial court specifically held this evidence to be unreliable and did not consider it in making its findings. Defendants admit in their brief that they may not have been damaged by this alleged error. Any possible error was harmless since the documents did not influence the trial court’s decision. See State Farm Mutual Automobile Insurance Company v. Youngblood, 331 So.2d 500 (La.App. 2nd Cir. 1976).
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.